IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ERIC WATKINS | § | |
| VS. | § | CIVIL ACTION NO. 1:08cv623 |
| JOSE VASQUEZ | § | |

## MEMORANDUM OPINION

Plaintiff Eric Watkins, formerly an inmate confined at the Federal Correctional Facility in Jessup, Georgia, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Background

Petitioner was convicted of conspiracy to possess 5 kilograms or more of cocaine with the intent to distribute in the United States District Court for the Northern District of Florida. He was sentenced to 121 months imprisonment and 4 year term of supervised release.

The current petition challenges a prison disciplinary conviction for refusing a program assignment. As a result of the disciplinary conviction, he lost 13 days of previously earned good conduct time credits. Based on information contained on a website operated by the Bureau of Prisons (www.bop.gov), petitioner was released from confinement on June 7, 2010.

Analysis

Although an action "is not moot simply because a § 2241 petitioner is no longer in custody," it is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 Fed.Appx. 256, 257 (5th Cir. Feb. 22, 2007) (citing *Brown v. Resor*, 407 F.3d 282, 283 (5th Cir. 1969) and *Bailey v. Southerland*, 821 f.3d 277, 278 (5th Cir. 1987)). The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exist at all states of federal court proceedings. *Bailey*, 821 F.2d at 278. A moot case "presents no Article III case of controversy, and a court has no constitutional jurisdiction to resolve the issue it presents." *Adair v. Dretke*, 150 Fed.Appx. 329, 331 (5th Cir. Oct. 6, 2005) (citation omitted).

As petitioner is subject to a term of supervised release, his release from actual confinement alone does not make this action moot. The possibility that a district court may alter a period of supervised release "if it determines that [the defendant] has served excess prison time" may keep a petition from becoming moot. *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006). However, the determination as to whether a

2

petitioner has served excessive prison time is to be made by the sentencing court unless a transfer of jurisdiction over supervised release has been made. *See* 18 U.S.C. § 3583.

Petitioner was convicted in the Northern District of Florida and jurisdiction over his supervised release has not been transferred to this court. This court is therefore without jurisdiction to shorten petitioner's term of supervised released by determining he served excess prison time. *See Lawson v. Berkebile*, 308 Fed.Appx. 750 (5th Cir. Jan. 26, 2009) (distinguishing *Pettiford* based on the fact that the district court considering the Section 2241 petition did not have jurisdiction to determine whether the petitioner served excessive prison time because it was not the original sentencing court). As a result, a finding in petitioner's favor would not result in "specific relief through a decree of a conclusive character" with regard to modification of the sentence. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (citation and internal quotation marks ommitted). And, as "federal courts may only hear cases of controversies under Article III, it is unconstitutional for the court to issue mere advisory opinions." *Carpenter v. Whichita Falls Indep. School District*, 44 F.3d 362, 368 n.5 (5th Cir.

1995). As this court cannot grant the relief requested by petitioner, this petition is moot.

## Conclusion

For the reasons set forth above, this petition will be dismissed as moot. An appropriate final judgment shall be entered. If petitioner believes this action is not moot, he should contact the court within 60 days of the date set forth below.

**SIGNED** this the **15** day of **June, 2010.**

_____
Thad Heartfield
United States District Judge